UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:  6:14-cv-1109-Orl-40TBS

STIRLING INTERNATIONAL REALTY, INC., a Florida corporation d/b/a STIRLING SOTHEBY'S INTERNATIONAL REALTY and ROGER SODERSTROM,

    Plaintiffs,

vs.

TANSEY SODERSTROM,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (AND REQUEST FOR EXPEDITED REVIEW) WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, STIRLING INTERNATIONAL REALTY, INC. d/b/a STIRLING SOTHEBY'S INTERNATIONAL REALTY and ROGER SODERSTROM, by and through their undersigned counsel, hereby moves this Honorable Court for an Order of Protection, pursuant to Local Rule 3.04(b) and Fed .R. Civ. P. 26(c), excluding non-party witnesses from the Deposition Duces Tecum of *pro se* Defendant in the above-styled action..

**MEMORANDUM OF LAW**

**I.    Introduction**

Plaintiffs' counsel and *pro se* Defendant have coordinated to schedule discovery depositions in this matter.  On December 22, 2014, Plaintiffs' counsel sent out notices

and subpoenas for depositions, including depositions *duces tecum,* to *pro se* Defendant and to non-party witnesses in the above-styled matter. The aforementioned depositions are scheduled to occur between January 28, 2015 and January 30, 2015.

On January 12, 2015, *pro se* Defendant contacted Plaintiffs' counsel to inquire about rescheduling her deposition time and to inquire whether one of the subpoenaed non-party witnesses in this case could be present with her at her deposition. Plaintiff's counsel was able to accommodate the request of *pro se* Defendant to reschedule the time of her deposition. Plaintiffs object to the presence of the non-party witness, Dr. Elias "Jake" Jacobo, whom *pro se* Defendant has requested appear with her at her deposition. Plaintiff's counsel has advised *pro se* Defendant of her intent to proceed with having Dr. Jacobo present and available to her during her Deposition *Duces Tecum*, notwithstanding Plaintiffs' objection.

Dr. Jacobo's Deposition *Duces Tecum* is scheduled to occur in this matter at 1:00 p.m. on Thursday January 29, 2015. At the request of *pro se* Defendant, her Deposition *Duces Tecum* will commence at 1:00 p.m. on January 28, 2015 and will recommence immediately following the deposition of Jason Purdy, another non-party witness, on Friday January 30, 2015.

**II.     Legal Argument**

Fed. R. Civ. P. 30 provides for Depositions by Oral Examination. As explained in the *Notes of Advisory Committee on 1993 amendments*, 'Note to Subdivision (c):'

> Exclusion . . . can be ordered under Rule 26(c)(5) [now Rule 26(c)(1)(E)] when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from

> reading, or being otherwise informed about, the testimony given in the earlier depositions.

*See also Bell v. Bd. of Educ.,* 225 F.R.D. 186, 195 (S.D. W. Va. 2004)(exclusion of witnesses from being present at the deposition of another may be obtained by order of the Court).  As referenced in the aforementioned *Notes of Advisory Committee on 1993 amendments,* a party seeking to exclude a person from attending the deposition of another may seek relief from the Court pursuant to Fed. R. Civ. P. 26(c), which provides for protective orders.  Specifically, under Fed. R. Civ. P. 26(c)(1), upon a motion by a party:

> . . . may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (E)  designating the persons who may be present while the discovery is conducted;
>
> * * *

Additionally, this Court has specified General Policy and Practice for conducting depositions.  *See* Middle District Discovery (2001) at 5 -9.  Specifically, this Court has provided the following guidance concerning persons who may attend depositions:

> Each lawyer may ordinarily be accompanied at the deposition by one representative of each client and, in technical depositions, one or more experts. Business necessity may require substitution for the representative of

>a party, but this privilege should not be abused. Lawyers may also be accompanied by records custodians, paralegals, secretaries, and the like, even though they may be called as technical witnesses on such questions as chain of custody, the foundation for the business record rule, or other technical matters. While more than one lawyer for each party may attend, only one should question the witness or make objections, absent an agreement to the contrary. Those in attendance should conduct themselves in the manner expected during courtroom proceedings in the presence of a judge. Conduct during depositions should accord with Local Rules 5.03(7), (8), (9), (12), (13), and (16), Middle District of Florida.

Middle District Discovery (2001) at 5.

In the instant matter, *pro se* Defendant has stated her intent to appear at her Deposition *Duces Tecum* accompanied by Dr. Jacobo. *Pro* se Defendant indicated to the office of undersigned counsel her desire to have Dr. Jacobo appear with her at her Deposition *Duces Tecum* due to her belief that she and Dr. Jacobo would be asked similar questions by the undersigned. Dr. Jacobo is identified in Plaintiffs' Complaint as owning the email account to which pro se Defendant wrongfully and unlawfully forwarded email belonging to Plaintiff, ROGER SODERSTROM.  Dr. Jacobo is, upon information and belief, an individual with whom *pro se* Defendant has been involved in a significant intimate relationship, prior to and during the pendency of this action

Dr. Jacobo is not simply a "potential deponent," as described in the *Notes of Advisory Committee on 1993 amendment* for Fed. R. Civ. P. 30. Dr. Jacobo is a material witness whose Deposition *Duces Tecum* is scheduled to occur in this matter at 1:00 p.m. on Thursday January 29, 2015.  Dr. Jacobo is identified in Plaintiffs' Fed. R. Civ. P. 26(a)(1) Initial Disclosures as an individual believed likely to have information regarding

4

claims and defenses in this action. Specifically, in accordance with Fed. R. Civ. P. 26(a)(1)(A)(i), Dr. Jacobo was identified as a person who has knowledge of facts underlying the allegations in Plaintiffs' Complaint and the facts underlying Plaintiffs' claims for damages.

In the absence of a protective order preventing Dr. Jacobo from attending *pro se* Defendant's Deposition *Duces Tecum* beginning at 1:00 p.m. on January 28, 2015, Plaintiffs will be harmed and/or prejudiced. Harm and/or prejudice to Plaintiffs will occur if Dr. Jacobo learns relevant information by attending *pro se* Defendant's Deposition *Duces Tecum* that he would not have otherwise known but for his attendance. Plaintiffs will be harmed and/or prejudiced if Dr. Jacobo alters or conforms his testimony at his own Deposition *Duces Tecum* as a result of what he learns or hears when attending *pro se* Defendant's Deposition *Duces Tecum*. Moreover, as reflected in **Composite Exhibit** 2 to Plaintiffs' Complaint, *pro se* Defendant forwarded each email she wrongfully accessed to an email account owned by Dr. Jacobo. This fact suggests that *pro se* Defendant and Dr. Jacobo might act collusively and in a fashion contrary to the orderly administration of justice. Plaintiffs would be harmed and prejudiced in such event.

The foregoing reasons constitute good cause for excluding Dr. Jacobo from attending the deposition of *pro se* Defendant. *See Bell*, 225 F.R.D. at 196 (S.D. W. Va. 2004)(holding that witnesses may be excluded from attending depositions "upon a specific showing that some harm or prejudice might occur to a party or the deponent through the disclosure of secret or sensitive information learned by virtue of their

attendance and disseminated thereafter . . . [T]hey also might be excluded upon a specific showing that they might act coercively or disruptively.")  Plaintiffs are faced with a substantial likelihood of prejudice to their case if *pro se* Defendant's Deposition Duces Tecum occurs without their first seeking a protective order from this Court.  Pursuant to Fed. R. Civ. P. 26(c)(5), an Order of Protection designating those who may be present at *pro se* Defendant's Depostion *Duces Tecum*  should be issued.

As attested to in the certification below, counsel for Plaintiffs conferred with *pro se* Defendant in good faith in an effort to resolve this dispute.  That effort was unsuccessful.  Plaintiffs now seek relief from this Court in the form of a protective order designating the persons who may be present at *pro se* Defendant's Deposition *Duces Tecum,* which is scheduled to commence at 1:00 p.m. on January 28, 2015 and to be recommenced immediately following the deposition of Jason Purdy, on Friday January 30, 2015.

### III. Conclusion

For the reasons stated herein, Plaintiffs, STIRLING INTERNATIONAL REALTY, INC. d/b/a STIRLING SOTHEBY'S INTERNATIONAL REALTY and ROGER SODERSTROM, respectfully request this Honorable Court enter an order granting their Motion for Protective Order.  Plaintiffs specifically request that the Court enter an Order pursuant to Fed. R. Civ. P. 26(c) and designating the persons who may be present while *pro se* Defendant's Deposition *Duces Tecum* is conducted and further directing *pro se* Defendant as to whether the excluded witnesses are likewise precluded

from reading, or being otherwise informed about, the testimony given during her Deposition *Duce Tecum*.

### CERTIFICATION OF GOOD FAITH EFFORT TO RESOLVE DISCOVERY DISPUTE

I, VICTOR L. CHAPMAN, counsel for Plaintiffs, STIRLING INTERNATIONAL REALTY, INC. d/b/a STIRLING SOTHEBY'S INTERNATIONAL REALTY and ROGER SODERSTROM, hereby certify that prior to filing this motion I conferred with *pro se* Defendant, Tansey Soderstrom pursuant to Local Rule 3.01(g) in an effort to resolve the discovery issues raised in this Motion for Protective Order. The parties were unable to resolve the matters addressed in this motion.

Dated this 15th day of January, 2015.

Respectfully submitted,

s/ Victor L. Chapman
Victor L. Chapman
Florida Bar No.: 0407429
**Attorneys for Plaintiffs**
Barrett, Chapman & Ruta, P.A
18 Wall Street
Orlando, FL 32801
Telephone: 407/839-6227
Fax:  407/648-1190
victor@bcrlaw.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 15, 2015, I **electronically** filed the foregoing with the Clerk of the Court by using the CM/ECF system and served same *via* email delivery to TANSEY SODERSTROM (tsoderstrom@reforlando.com).

s/ Victor L. Chapman
Victor L. Chapman
